IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>RONALD McGREGOR,<br><br>    Defendant.<br>                                        / | No. CR 12-00200 WHA<br><br>**ORDER DENYING MOTION TO QUASH SUBPOENA** |

**INTRODUCTION**

The San Francisco Police Department moved to quash a Rule 17(c) subpoena for the production of SFPD officers' personnel files. For the reasons stated below, the motion to quash is **DENIED IN PART AND GRANTED IN PART**. The hearing is hereby **VACATED**.

**STATEMENT**

Defendant filed a motion to suppress on July 18, 2012, and requested an evidentiary hearing in the event that further fact finding was determined to be necessary. The motion to suppress relates to a search by the San Francisco Police Department, which led to defendant's arrest and the sole charge in the indictment for felon in possession of a firearm. An evidentiary hearing was set, and continued to December 10 due to a change in defendant's counsel.

Defendant filed an application for issuance of a subpoena pursuant to Rule 17(c) seeking the production of the personnel files of three officers of the San Francisco Police Department the government has indicated it will call to testify at the evidentiary hearing. The government was ordered to file a statement indicating whether any of the requested documents had been produced to defendant. No response was received. An order issued granting the subpoena request. The SFPD now moves to quash the subpoena in its entirety, or for an *in camera* review of the files

1  prior to production. For the reasons set forth below, the motion to quash is **DENIED**, except that
2  the request for *in camera* review is **GRANTED**.

## ANALYSIS

A subpoena under Rule 17(c) "was not intended to provide an additional means of discovery." *Bowman Dairy Company v. United States*, 341 U.S. 214, 220 (1951). The pre-trial production of documents pursuant to a Rule 17(c) subpoena is appropriate when the following conditions are met: (1) "the documents are evidentiary and relevant"; (2) "they are not otherwise procurable reasonably in advance of trial by exercise of due diligence"; (3) "the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial"; and (4) "the application is made in good faith and is not intended as a general 'fishing expedition.'" *United States v. Nixon*, 418 U.S. 683, 699–700 (1974). A court may quash or modify a subpoena "if compliance would be unreasonable or oppressive." Rule 17(c)(2). "A decision to enforce or quash a pretrial subpoena under [Rule] 17(c) rests within the discretion of the district court and will be disturbed on appeal only where the action was clearly arbitrary or without support in the record." *United States v. MacKey*, 647 F.2d 898, 901 (9th Cir. 1981).

Defendant contends that the personnel files of the three state officers expected to testify at the upcoming evidentiary hearing are relevant and admissible as impeachment evidence. Specifically, defendant argues that if the officers "have a documented history of failing to comply with relevant SFPD training policies, procedures, and protocol(s), such records are probable impeachment evidence" (Opp. 5). Although such materials would likely be discoverable from the government for testifying witnesses who were federal law enforcement officers or agents, the government has no obligation to turn over materials not in its possession, custody, or control. *See Brady v. Maryland*, 373 U.S. 83, 86 (1963); *United States v. Zuno-Arce*, 44 F.3d 1420, 1427 (9th Cir. 1995). In this case, no showing has been made that the federal prosecutor used the state officers as "lead investigating agents," *United States v. Price*, 566 F.3d 900 (9th Cir.2009), or that the state police gave the federal prosecutor "access to its files for the purpose of pulling items of interest to a federal investigation," such that the documents can be

2

considered to be in the possession or control of the federal prosecutor. *United States v. Cerna*, 663 F. Supp. 2d 1053, 1060 (N.D. Cal. 2009) (Alsup, J.). Thus, *Brady* will not serve as a vehicle for allowing the defense to have access to the requested material.

The indictment contains a single charge for felon in possession of a firearm, which firearm defendant claims was uncovered pursuant to an illegal search conducted by the SFPD officers. Given the facts in this case, the officers' credibility is a significant issue. Here, the requested evidence is relevant and admissible as impeachment evidence that relates to the credibility of the testifying officers, including the officers' history of compliance with SFPD procedures as well as any complaints in which they were involved.

The subpoena is sufficiently specific, as it requests the personnel files of three individuals, who were identified by name and badge number. The number of documents provided to the Court for *in camera* review is relatively small. The SFPD has not set forth any particular reason why production of this relatively small number of documents would be overly burdensome.

Lastly, the SFPD contends that the documents sought by the subpoena are confidential and privileged information, asserting that "federal law [recognizes] a qualified privilege for official information" (Br. 5). Having reviewed the documents *in camera*, the documents may be produced pursuant to the protective order attached to the subpoena.

## CONCLUSION

For the reasons set forth above, the motion to quash is **DENIED**, except that the Court has reviewed the documents *in camera*. The documents shall be produced to counsel for defendant, who will make them available to the government for inspection and copying. An appropriate protective order will be issued herewith. The hearing, currently set for December 4, is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: December 3, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3