IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RONALD MCGREGOR,

    Defendant.

 /

No. CR 12-0200 WHA

**MEMORANDUM OPINION RE ARMED CAREER CRIMINAL ACT**

### INTRODUCTION

After multiple hearings and supplemental briefing, this memorandum opinion addresses whether defendant should be sentenced as an armed career criminal, which carries with it a mandatory minimum sentence of fifteen years. More specifically, this memorandum opinion addresses whether defendant's two prior convictions under California Penal Code Section 487(c) must be counted as "violent felon[ies]" for the purposes of sentencing the defendant as an armed career criminal under Section 924(e) of Title 18 of the United States Code. This opinion concludes those convictions must be counted.

### STATEMENT

Defendant Ronald McGregor is being sentenced for a 2012 violation of felon in possession of a firearm under Section 922(g). Pursuant to Section 924(e) of the Armed Career Criminal Act, defendant qualifies as an armed career criminal and must therefore be sentenced to a minimum of fifteen years if he has "three previous convictions . . . for a violent felony."

Defendant has three prior convictions that the government and the probation officer submit were for "violent felon[ies]" and require defendant to be sentenced as an armed career criminal. Two of them were under California Penal Code Section 487(c) for grand theft from the person — one conviction in September 2002 and the other in June 2003. The third conviction was for rape by force or fear under California Penal Code Section 261(a)(2). Defendant concedes that his conviction for rape is a "violent felony." The issue is whether defendant's two convictions for grand theft from the person under California Penal Code Section 487(c) were "violent felon[ies]" under Section 924(e) of the Act.

## ANALYSIS

An offender convicted of felon in possession of a firearm under Section 922(g) of Title 18 of the United States Code must be sentenced as an armed career criminal if the offender has three prior convictions, each a "violent felony." A "violent felony" means any act that is "burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. 924(e)(1)(B)(ii).

At all material times, California Penal Code Section 487(c) has defined grand theft as "property taken from the person of another." *United States v. Wofford,* 122 F.3d 787, 793 (9th Cir. 1997), held that grand theft under Section 487(c) always "involves conduct that presents a serious potential risk of physical injury to another." This was based on an analysis of the traditional definition of the elements of Section 487(c). Specifically, our court of appeals determined that California law defined grand theft from the person as requiring "direct physical contact between the perpetrator and the victim," when the property that the perpetrator is attempting to take is "actually attached to or carried by the victim." Since the perpetrator "risks such a confrontation at every encounter," the court determined that a violation of Section 487(c) is a "violent felony" under the categorical approach. *Ibid*.

A few years after *Wofford*, one division of the California Court of Appeal decided *In re Eduardo D.*, 81 Cal. App. 4th 545 (Cal. Ct. App. 2000), affirming a conviction under Section 487(c) where the accused had taken the victim's backpack and hat *after* they had fallen to the ground rather than directly from the victim's body. A few years later, the California

2

Supreme Court decided *In re Jesus O.*, 40 Cal. 4th 859 (2007), in which the accused took the victim's cell phone *after* it had fallen to the ground. The California Supreme Court reviewed the law in California (including *Eduardo D.*) and ultimately held that a conviction under Section 487(c) can be sustained as long as the "initial wrongful deed set in motion the taking of the property from the victim's person" and the person had "intent to steal while the property was still on the victim's person." *Id.* at 866–67. In the meantime, *Wofford* has stood as the last word by our court of appeals.

Based on these two state decisions issued after *Wofford*, defendant argues that his two grand theft convictions occurred during a period in California jurisprudence when the rationale for *Wofford* had been eviscerated, and therefore *Wofford* was no longer applicable. It follows that his conviction under Section 487(c), he argues, should not be counted as a categorical violent felony.

This opinion will follow *Wofford*. *First*, precedent of our court of appeals that is "on point" must be followed by the district courts until those holdings are changed by the court of appeals. *Hart v. Massanari*, 266 F.3d 1155, 1170 (9th Cir. 2001). In considering whether precedent is "on point," "a court confronted with apparently controlling authority may parse the precedent in light of the facts presented and the rule announced." *Id.* at 1172. The court must then determine whether any differences found are "material to the application of the rule or allow the precedent to be distinguished on a principled basis . . . [I]f a controlling precedent is determined to be on point, it must be followed." *Ibid.*

It is therefore not the place of a district judge to take on the responsibility of redefining precedent except in the clearest of cases, where the facts of the case can clearly be materially distinguished from controlling precedent — and this is certainly not a clear case. *Wofford* controls here. *Wofford* held that a violation of Section 487(c) always counts as a "violent felony" under the Armed Career Criminal Act. The issue here is the same: whether a conviction under Section 487(c) should count as a "violent felony" under the Armed Career Criminal Act. Not only is controlling precedent on point, but, as will be discussed immediately below, even if the defendant is correct that state law has expanded the application of grand theft from the person

3

in recent years so as to depart from *Wofford*, this Court is not convinced that the expansion has created a material difference with respect to whether a violation of Section 487(c) "present[s] a serious potential risk of physical injury."

*Second*, on the merits, the Court is not persuaded by the defendant's logic. In applying the categorical approach, we must "look[] only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." *Taylor v. United States*, 495 U.S. 575, 599 (1990). In *Wofford*, as stated, our court of appeals held that Section 487(c) is a crime that always "involves conduct that presents a serious potential risk of physical injury to another." It determined that, under California law, to convict for grand theft from the person, "the property must be actually attached to or carried by the victim when it is taken by the thief." *Wofford*, 122 F.3d at 793. Because the property must always be attached to or carried by the victim, the thief must "reach out and touch that victim" in order to take it. Therefore, every conviction for grand theft from the person must then, by definition, "involve[] direct physical contact between the perpetrator and the victim." In every case, "[w]hen he confronts the victim and seizes property from the victim's person, the criminal creates a serious risk of physical injury to another." *Ibid.*

*Eduardo D.* addressed two issues not raised in *Wofford*. *First*, it found that an accused could be convicted of grand theft from the person without having the intent to steal when he first physically confronted the victim. *Second*, it found that the object need not be attached to the victim's body at the moment it was taken; it is enough to have been dislodged from the victim and then taken. Eduardo D., a minor, punched the victim in the face because the victim did not want to join his "crew." *Eduardo D.*, 81 Cal. App. 4th at 547. A scuffle ensued. Eventually, the victim was able to run away, but he left his baseball cap and backpack on the ground. It was only at this point that the accused minor decided to take those items. *Eduardo D.* nonetheless found that the minor was guilty of grand theft from the person because it was "the direct result of the minor's assault on [the victim] that the cap and backpack were removed or fell to the ground." The victim did not "of his own free accord" remove those items from his body; instead, he did so only because of the "wrongful deed" of the defendant. *Id.* at 548.

4

In *Jesus O.*, the California Supreme Court expressly disapproved of *Eduardo D.* by holding that the accused must begin the initial confrontation with a victim with the intent to steal in order to be convicted of grand theft from the person. Consistent with *Eduardo D.*, however, the California Supreme Court found that someone can be convicted of grand theft from the person even if the item is not taken directly off of a victim, but is instead dislodged during the wrongful act and then subsequently taken. On the facts there at issue, a juvenile had assaulted a victim with a generalized intent to steal something of value. *Jesus O.*, 40 Cal. 4th at 868. As the victim was running away, he dropped his cell phone, which the juvenile then took. The California Supreme Court stated: "When someone, intending to steal, causes property to become separated from the victim's person, then gains possession of the property, the theft is from the person." *Id.* at 861. Consistent with *Eduardo D.*, the item was initially carried by the victim, and it was the "initial wrongful deed" that "set in motion the taking of the property from the victim's person." *Id.* at 867–68.

Here, defense counsel argues that both *Eduardo D.* and *Jesus O.* undermine the holding in *Wofford* that grand theft from the person will, in every case, present a "serious potential risk of physical injury." This is because it was possible, at the time of our own defendant's convictions, for Section 487(c) to apply in two ways not considered in *Wofford*, namely: (i) without the property being on the victim when it was taken and (ii) without having the intent to steal at the moment that the crime began. Counsel argues that conviction for grand theft from the person under these theories leaves a possibility that an offender was convicted without presenting a serious risk of injury to another, and it therefore cannot be considered to be a categorical violent felony.

Defendant's first point is that he could have been convicted under Section 487(c) without the property being on the victim when it was taken. This Court finds that grand theft from the person is still properly considered a categorical violent felony because of the limited way in which this theory of grand theft has been applied by California. In both *Eduardo D.* and *Jesus O.*, the initial "wrongful deed" by which an item must have been dislodged from the victim's body was a violent, physical altercation. In *Eduardo D.*, the fight involved punching and throwing a

5

boom box. *Eduardo D.*, 81 Cal. App. 4th at 547. The California Court of Appeal found that the victim did not "gladly and of his own free accord remove" his items, but that it was rather the "direct result of [Eduardo D's] assault." *Id.* at 548. In *Jesus O.*, the offender physically assaulted the victim with a "sucker punch," which then led to a fight. *Jesus O.*, 40 Cal. 4th at 861. Furthermore, the California Supreme Court defined and limited its "wrongful deed" language in response to the dissent's concern that the decision marked an "unwarranted expansion" of the statute. *Id.* at 873. The majority explained that "these facts pose a threat of injury or death to the victim, just as surely as — and perhaps more than — some of the cases upholding a finding of theft from the person," when the item had not been dislodged from the body. *Id.* at 868 (internal quotation marks omitted). Rather than being an "unwarranted expansion," the majority argued that its ruling was instead fully consistent with "the rationale for making theft from the person a more serious crime than ordinary theft." *Id.* at 869. The majority's explanation suggests that, although it did acknowledge a broader understanding of theft "from the person," it was for a situation that still presented a "threat of injury or death."

A few years ago, the Fifth Circuit confronted this issue in *United States v. Hawley*, 516 F.3d 264, 272 (5th Cir. 2008). A defendant who had previously been convicted under California Penal Code Section 487(c) argued that *Jesus O.* expanded the definition of grand theft from the person such that it should no longer be considered a categorical "violent felony" under Section 924(e). The Fifth Circuit decided that it saw "no reason" to depart from *Wofford*. It was satisfied with the discussion in *Jesus O.* that the "wrongful" act to which the California Supreme Court was referring was one that would "pose a threat of injury or death to the victim." *Id.* at 272; *id.* at 271 (quoting *Jesus O.*, 40 Cal. 4th at 868).

Defendant's second point is that he could have been convicted under Section 487(c) without an intent to steal when he committed the initial wrongful act. He claims that committing grand theft from the person without the intent to steal means that he could have been convicted under Section 487(c) without presenting a risk of serious injury to the victim. This too is unpersuasive. Even though *Eduardo D.* wrongly decoupled the intent to steal from the initial wrongful act, the conviction upheld in *Eduardo D.* was still fully consistent with *Wofford*

6

regarding a "serious potential risk of injury to another." The defense may be correct that, when McGregor was convicted of grand theft, it was theoretically possible to be convicted without forming the intent to steal when he initially contacted the victim. But, as stated, he still would have had to make "direct physical contact" with the victim, as was originally contemplated by our court of appeals. *Wofford*, 122 F.3d at 793.

The primary reasoning behind *Wofford* was that each and every grand theft conviction requires a physical confrontation, in which an item that was attached to or carried by the victim is taken directly from the victim when a perpetrator "reach[es] out" and grabs it. *Ibid.* Since then, *Eduardo D.* and *Jesus O.* have altered what is meant by theft "from the person," to include any "wrongful deed" that sets the "taking of [a victim's] possessions in motion." *Jesus O.*, 40 Cal. 4th at 866. While the language sounds more expansive, the "wrongful deed" that California courts have recognized is a violent *physical* confrontation that dislodges, or causes a victim to relinquish, an item. Grand theft from the person still presents the same risk, if not a higher risk, of the direct physical confrontation that prompted the Ninth Circuit to find that it categorically presented a serious potential risk of physical injury back in 1997.

## CONCLUSION

For the above stated reasons, defendant's two prior convictions under California Penal Code Section 487(c) for grand theft from the person must be considered to be felonies that "present[] a serious potential risk of physical injury to another" under Section 924(e). Defendant must therefore be considered an armed career criminal for the purposes of sentencing.

Dated: July 3, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE